By the Court.
The plaintiff in error, John A. Romans, was indicted, tried, convicted and sentenced to confinement in the penitentiary, by the Harrison County Court of Common Pleas, for forging the name of John S. Davidson to a promissory note. From a bill of exceptions taken by him on the trial, it appears that evidence was given on behalf of the state, by John S. Davidson and others, tending to prove that the plaintiff in error signed the name *529 of John S. Davidson to the note in question fraudulently, and without- authority to do so, and that the plaintiff! in error, in person and by other witnesses, gave evidence tending to prove that he had signed the note, and was authorized by said John S. Davidson to sign it. Thereupon the court charged the jury a's follows, to which charge plaintiff in error at the time excepted. .
1 ‘ If the jury find from the evidence that defendant admits that he signed the name of John S. Davidson to the note in question, but that clef end-ant claims he had authority from said Davidson so to do, then the burden of proof is on the defendant to show by a preponderance of the evidence that he had such authority; and if the’ defendant fails to establish by a preponderance of the evidence that he had such authority, your verdict should be against the defendant. In other words, on that branch of the case, the defendant is required to produce evidence of greater weight than that produced by the state. If the testimony as to authority to sign the noté is equally balanced or preponderates in favor of the state, the defendant must fail in regard to that defense. If, on the other hand, the jury finds by a preponderance of the evidence that John S. Davidson did authorize the defendant to sign his (Davidson’s) name to the note in question, your verdict should be for the defendant.”
The conviction and sentence were affirmed by the circuit court, whereupon proceedings were instituted in this court to reverse the judgments of both said courts.
The instructions were erroneous. It was just as necessary to the conviction of plaintiff in error to prove that he signed the note without authority, *530 as to prove that he signed it at all. The signing could not have been fraudulent, and thus criminal, if the plaintiff in error had authority to sign the name, alleged to have been forged. The fraudulent character of the act should have been established by the state with the same degree of proof that any other fact essentially characteristic of the offense must, by the rules of criminal jurisprudence, be established, and that is beyond a reasonable doubt. The presumption that it was a fraudulent signing does not arise from the mere fact of signing'. Nor is it material in this connection whether the fact of signing- was established by the personal testimony of the defendant himself or bji- the testimony of others; it is simply one fact, of a number, that the state must establish to show forgery. The manner of the signing', or circumstances under which it was done, may be significant, and here again, it is the circumstances themselves, rather than the medium by which they are established, that make them significant. The plaintiff in error, in contemplation of law, did not, by this testimony, set forth an independent affirmative defense; he simply controverted the truth of a material averment of the indictment, namely: that he fraudulently signed the name alleged to have been forged. The fraudulent character of the sig'ning, as we have seen, the state must establish, to authorize a conviction. If there remained, upon a consideration of all the evidence submitted to the jury, a reasonable doubt whether or not the plaintiff in error had authority to sign the name in controversy, the same doubt must, of necessity, remain as to whether or not the signing was fraudulent.

Judgment reversed.